# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00643-CR

**Danny Wayne Harper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 33135, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Danny Wayne Harper pleaded guilty to the offense of injury to a child. *See* Tex. Penal Code Ann. § 22.04(a)(1) (West Supp. 2008). A jury assessed punishment at ten years' imprisonment.

The jury heard evidence during punishment about the circumstances surrounding the commission of the offense. The victim was C.W.H., Harper's three-month-old son. On April 8, 2006, Harper and his wife brought C.W.H. to the hospital. According to Debra Jo Pennington, a radiologist who had examined X-rays of the infant, C.W.H. had suffered over 20 fractures in his rib cage. Pennington testified, "I've never even seen this extensive an injury even in a high-speed motor vehicle accident." Pennington also observed "breaks in the bones that were of different ages" that led her to believe "that this was a case of abusive injury."

Because of the seriousness of C.W.H.'s injuries, Child Protective Services became involved. Caseworker Jeanie Cole testified that she went to the hospital and spoke with Harper. According to Cole, Harper told her that "he had tripped over [C.W.H.'s sister] while he was carrying [C.W.H.] and had fallen on [C.W.H.]." Harper was later interviewed by Officer Paul Nelson of the Burnet Police Department. Nelson testified that, when he first spoke to Harper at the hospital, Harper repeated his story about falling on top of C.W.H. Nelson then asked Harper to follow him to the police department. Once there, Nelson proceeded to formally interview Harper. Harper's interview with Nelson was recorded, and a redacted transcript of the interview was admitted into evidence. During the interview, Harper told Nelson that he had become "aggravated" with C.W.H. and "just started squeezing" him until he heard "a pop on his back." Harper then became scared and tried to comfort C.W.H. until the infant fell asleep. Harper told Nelson that, "an hour or two hours later," C.W.H. "woke up crying." Harper went on to explain to Nelson that it was his wife who had called the hospital after she noticed bruising on C.W.H.

Harper's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Harper received a copy of counsel's brief and

was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 26, 2009

Do Not Publish

3